UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIK W. PARLOW,

      Plaintiff,

      v.                           Case No. 21-C-1376

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

---

**ORDER**

---

Plaintiff Erik Parlow, who is currently representing himself, filed a complaint under 42 U.S.C. § 1983 against Defendants Wisconsin Department of Corrections, Milwaukee County House of Corrections, and the Milwaukee County Sheriff. In his complaint, Parlow alleged that he has been detained in custody since he was charged with a probation violation on September 8, 2021, and has not had a revocation hearing. Dkt. No. 1 at 7. He asserts that, under Wis. Stat. § 302.335(2), a parole revocation hearing should have been held within fifty calendar days of his detainment. Parlow claims that he is being illegally detained and falsely imprisoned because Defendants failed to comply with the statute and have not released him. *Id.*

In the Court's February 17, 2022, Screening Order, the Court dismissed the complaint but afforded Parlow an opportunity to file an amended complaint. Upon further review of the allegations in Parlow's complaint, however, the Court concludes that it must abstain from taking jurisdiction of this case. Accordingly, the Court will vacate its February 17, 2022, screening order and dismiss this case without prejudice.

"[F]ederal courts are required by *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Tobey v. Chibucus*, 890 F.3d 634, 651 (7th Cir. 2018) (citations omitted). Abstention is required if the state proceedings (1) are ongoing at the time the federal lawsuit is initiated, (2) involve important state interests, and (3) will provide the plaintiff with an opportunity to raise federal constitutional questions. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All three prongs are satisfied here. First, the state court proceedings were pending when Parlow commenced this action since he did not have a revocation hearing at the time he filed the complaint. Second, the revocation proceedings involve important state interests, including that people abide by the terms of their conditional supervised release. And third, there is no suggestion that Parlow cannot raise his claim that he is wrongfully detained in a state court forum. Therefore, Parlow's complaint, which asks the Court to interfere with his ongoing revocation proceedings, must be dismissed without prejudice. *See Tobey*, 890 F.3d at 651 (citing *Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000), for the proposition that "section 1983 claims may be barred by *Younger* abstention when a plaintiff seeks to derail an ongoing probation revocation proceeding"); *see also Hale v. Pate*, 694 F. App'x 682 (11th Cir. 2017).

**IT IS THEREFORE ORDERED** that the Court's February 17, 2022, Screening Order (Dkt. No. 9) is **VACATED**.

**IT IS FURTHER ORDERED** that Parlow's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED** and second motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because *Younger* requires that the Court abstain from taking jurisdiction.

**IT IS FURTHER ORDERED** that Parlow's motion to appoint counsel, to revise his statement of the claim and add defendants, and for approval to file electronically (Dkt. No. 10); motion to appoint counsel (Dkt. No. 12); and motion for an extension of time (Dkt. No. 13) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $280.77 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 24th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge